UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>Plaintiff,<br><br>v.<br><br>ATKINSON, et al.,<br><br>Defendants. | Case No. 1:20-cv-01036-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT HERNANDEZ FOR FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>21-DAY DEADLINE |

Plaintiff Jonathan Dewitt McDowell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On April 22, 2021, the Court issued an order directing service of process on Defendants. (Doc. 16.) On June 3, 2021, the U.S. Marshals Service (USMS) filed a return of service unexecuted as to Defendant Hernandez. (Doc. 20.) Therefore, the Court issued an order to show cause why Defendant Hernandez should not be dismissed from this action for failure to effect service. (Doc. 21.) Plaintiff filed a response to the order to show cause on June 25, 2021, in which he provided additional identifying information regarding Defendant Hernandez. (Doc. 22.)

On June 28, 2021, the Court issued a second order directing service on Defendant Hernandez. (Doc. 23.) Based on the information provided by Plaintiff, the Court identified Defendant Hernandez as follows: "Hernandez, . . . employed as a correctional officer at Kern Valley State Prison [KVSP] on July 9, 2019. Officer Hernandez is a Hispanic male,

approximately 6 feet tall, with black hair. On or about July 9, 2019, Hernandez escorted Inmate McDowell from 'building 7-C-facility to C-facility program office,' . . . as well as to an administrative segregation unit. An Officer P. Hernandez (unclear if Defendant Hernandez) was also interviewed in response to a grievance filed regarding the July 9, 2019 incident underlying this lawsuit." (*Id.* at 2.)

On July 22, 2021, the USMS again filed a return of service unexecuted as to Defendant Hernandez because it possessed insufficient information to identify the defendant. (Doc. 27.) According to the USM-285 form filed by the Marshals office, the litigation coordinator at KVSP indicated that two officers with the name Hernandez worked the same facility at KVSP on the date in question, and neither of these officers was involved in the events in question. (*Id.* at 3.)

Because it was unclear whether the litigation coordinator at KVSP utilized the additional information provided by the Court to attempt the identify Defendant Hernandez, the Court issued a third order directing service on the defendant on August 16, 2021. (Doc. 33.) On August 25, 2021, the USMS again filed a return of service unexecuted as to the defendant. (Doc. 35.) According to the litigation coordinator at KVSP, neither of the two abovementioned officers with the name Hernandez escorted Plaintiff from "building" to the program office in the C facility on the date in question, and the prison does not "document escorts from the facility" to the administrative segregation unit. (*Id.* at 2.) Taking into account the "provided description," the USMS is still unable to identify the Officer Hernandez to whom Plaintiff is referring. (*Id.* at 1.)

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by

2

having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the U.S. Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

As explained above, Plaintiff has provided insufficient information to allow the U.S. Marshals Service to effect service on Defendant Hernandez. Although Plaintiff provided additional information on Hernandez in response to the Court's order to show cause, that information has also been insufficient to identify the defendant.

Based on the foregoing, the Court RECOMMENDS that Defendant Hernandez be DISMISSED from this action without prejudice, pursuant to Rule 4(m). These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2021**          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE