UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>Plaintiff,<br><br>v.<br><br>ATKINSON, et al.,<br><br>Defendants. | No. 1:20-cv-01036-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANT HERNANDEZ FROM THIS ACTION<br><br>(Doc. No. 36) |

Plaintiff Johnathan Dewitt McDowell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendant Hernandez be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because plaintiff has failed to provide sufficient identifying information for the U.S. Marshal to effect service on defendant Hernandez, despite plaintiff having received several opportunities in which to do so. (Doc. No. 36.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at 3.) On September 3, 2021, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 37.)

In his objections, plaintiff essentially urges the court to direct the U.S. Marshal to attempt for a fourth time to effect service on defendant Hernandez, but he does not proffer any additional information to assist the U.S. Marshal in identifying defendant Hernandez or otherwise doing so. (*Id.*) Rather, plaintiff asserts that the litigation coordinator at Kern Valley State Prison ("KVSP") is mistaken in telling the U.S. Marshal that the only two correctional officers with the last name Hernandez who fit plaintiff's description were not involved in the incident underlying plaintiff's complaint in this action. (*Id.* at 1–2.) Plaintiff contends that "P. Hernandez" is the person he intended to refer to when he provided the following description:

> Hernandez, . . . employed as a correctional officer at [KVSP] on July 9, 2019. Officer Hernandez is a Hispanic male, approximately 6 feet tall, with black hair. On or about July 9, 2019, Hernandez escorted Inmate McDowell from "building 7-C-facility to C-facility program office," . . . as well as to an administrative segregation unit.

(*See* Doc. Nos. 36 at 1–2; 37 at 2–3.) But plaintiff had not included the first initial "P." in his description and appears to have come to this belief based on his reading of the documents filed by the USMS, which reflect that prison officials had interviewed an officer "P. Hernandez" regarding the incident underlying this action but concluded that he was not the officer involved. As noted in the findings and recommendations, the U.S. Marshal already used that description in communicating with the litigation coordinator at KVSP, who noted that two correctional officers with the name "Hernandez" worked in the facility where plaintiff was housed on the date in question—an Officer P. Hernandez and a different Officer Hernandez—and that neither of them fit the description provided by plaintiff of the individual involved in the incident about which plaintiff complains. (*See id.* at 2, Doc. No. 27 at 3.) Accordingly, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

Because plaintiff failed to provide sufficient information in his complaint or in response to the court's order to show cause to allow the USMS to serve defendant Hernandez, the court will dismiss named defendant Hernandez from this action without prejudice. If, during the course of discovery, plaintiff learns that P. Hernandez is indeed the person he seeks to name as a defendant

/////

in this action, then he can file a motion to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on August 25, 2021 (Doc. No. 36) are adopted in full;

2. Defendant Hernandez is dismissed from this action without prejudice, due to plaintiff's failure to effect service of process pursuant to Federal Rule of Civil Procedure 4(m);

3. The Clerk of the Court is directed to terminate defendant Hernandez as a defendant in this action; and

4. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **October 20, 2021**                              *Dale A. Drozd*
                                                          UNITED STATES DISTRICT JUDGE

---

[1] Indeed, a motion to amend the complaint filed by plaintiff is currently pending before the court, which does not mention Officer Hernandez. (Doc. No. 38.)  Rather, in that pending motion plaintiff seeks to name an officer that more closely matches part of the description previously provided by plaintiff of an officer allegedly involved in the incident about which plaintiff complains. (*Compare id.* at 3 *with* Doc. Nos. 22 at 2; 35 at 2–3.)