UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>ATKINSON, et al.,<br><br>   Defendants. | Case No. 1:20-cv-01036-DAD-SKO (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>(Doc. 38) |

On September 20, 2021, Plaintiff filed a motion for leave to amend his complaint. (Doc. 38.) Plaintiff seeks to add three defendants to this action: Kern Valley State Prison, Nurse J. Cudal, and Correctional Officer Welch. (*Id.* at 1.) Defendants filed an opposition to the motion on October 11, 2021. (Doc. 39.) Plaintiff has not filed a reply, and the time to do so has passed. *See* Local Rule 230(l). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion.

**I.   DISCUSSION**

Leave to amend a pleading "is entrusted to the sound discretion of the trial court," *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996), and "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities. . . Accordingly, Rule 15's policy of favoring

amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks and citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation ; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

Based on the principles above, the Court will grant Plaintiff leave to file an amended complaint to add J. Cudal and Welch as defendants. Plaintiff alleges Welch participated in the incident of excessive force at issue in this case, and he alleges Cudal provided inadequate medical treatment and falsified medical reports after the incident.[1] (*See* Doc. 38 at 2-3.) Defendants do not contend that such amendment would produce any prejudice, (*see generally* Doc. 39), and the Court does not find that the amendment is sought in bad faith, would result in undue delay, or is futile. Although Plaintiff failed to file a proposed amended complaint with his motion pursuant to Local Rule 137(c), the Court will nevertheless grant him leave to amend, given his *pro se* status and Rule 15's policy of "facilitat[ing] decision on the merits, rather than on . . . technicalities." *Webb*, 655 F.2d at 979.

The Court will deny Plaintiff's motion to add Kern Valley State Prison as a defendant. As explained in the Court's first screening order, "state agencies are immune from suit in federal court and are not 'persons' within the meaning of 42 U.S.C. § 1983. (Doc. 11 at 9 [citing *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990)].). Because "Kern Valley State Prison, as a state agency or subdivision thereof, cannot be sued under section 1983," (*id.* [citations omitted]), the Court dismissed Kern Valley State Prison from this action. (Docs. 13, 15.) Thus, the Court finds that allowing Plaintiff to add the prison as a defendant would be futile.

///

///

---

[1] In their opposition, Defendants state that the Court already dismissed Cudal from this action. (Doc. 39 at 4.) However, the Court has never dismissed Cudal because she has never been a defendant in this case. In its screening order, the Court noted that "Plaintiff alleges a potentially viable deliberate indifference claim; however, he fails to link any of the defendants to his claim," and he "does not name [Cudal] as a defendant." (Doc. 11 at 8 [citing Doc. 1 at 1-2, 8-9].)

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff leave to file a first amended complaint to add Nurse J. Cudal and Correctional Officer Welch as defendants. Plaintiff may *not* add Kern Valley State Prison.

Plaintiff is informed that his first amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915A, and the amended complaint will supersede the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded" complaint. Local Rule 220.

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for leave to amend the complaint (Doc. 38) is **GRANTED IN PART** and **DENIED IN PART**;
2. Plaintiff is granted leave to file a first amended complaint to add J. Cudal and Welch as defendants;
3. **Within 30 days** of the date of service of this order, Plaintiff shall file the first amended complaint; and,
4. If, upon screening the first amended complaint, the Court finds that Plaintiff states a cognizable claim against any newly-added defendants, the Court will issue an order directing service on the defendant(s). The current defendants need not file a responsive pleading to the first amended complaint until the date by which any newly-added defendants are ordered to do so in an order directing service.

IT IS SO ORDERED.

Dated:   **November 29, 2021**           /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE