1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL, | Case No. 1:20-cv-01036-DAD-SKO (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY THE COURT'S ORDER** |
| v. | |
| ATKINSON, et al., | |
| Defendants. | **21-DAY DEADLINE** |

Plaintiff Jonathan Dewitt McDowell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On November 29, 2021, the Court issued an order granting in part and denying in part Plaintiff's motion for leave to amend the complaint. (Doc. 43.) More specifically, the Court ordered as follows:

> [T]he Court grants Plaintiff leave to file a first amended complaint to add Nurse J. Cudal and Correctional Officer Welch as defendants. Plaintiff may *not* add Kern Valley State Prison.

(Doc. 43 at 3.) Plaintiff was informed that the amended complaint would supersede the original complaint, and that his first amended complaint was to be "'complete in itself without reference to the prior or superseded' complaint." (*Id*.) Plaintiff was ordered to file the first amended complaint within 30 days of service of the order. (*Id*.)

On January 5, 2022, Plaintiff filed a "Motion to Amend Previous Complaint." (Doc. 44.) On January 18, 2022, the Court denied Plaintiff motion as moot, noting leave to amend to add

Nurse J. Cudal and Correctional Officer Welch had already been granted. (Doc. 45.) More than 30 days have passed, and Plaintiff has failed to file a first amended complaint.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint adding defendant Cudal and Welch (ensuring the first amended complaint is complete in and of itself [*see* Doc. 43]) or a notice of voluntary dismissal of this case. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim and to obey court orders.**

IT IS SO ORDERED.

Dated:   **March 14, 2022**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE