UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>ATKINSON, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01036-DAD-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY THE COURT'S ORDER** (Doc. 47)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**<br><br>**30-DAY DEADLINE** |

Plaintiff Jonathan Dewitt McDowell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. For the reasons set forth below, the Court will discharge the Order to Show Cause issued March 14, 2022, and direct Plaintiff to file a second amended complaint.

**I.     BACKGROUND**

Plaintiff filed his original complaint on July 10, 2020, in the United States District Court for the Southern District of California. (Doc. 1.) On July 28, 2020, the case was transferred to this Court. (Doc. 6.)

On February 11, 2021, the undersigned issued an Order finding Plaintiff stated cognizable claims of excessive force against Defendants Atkinson, Furlong, Leora, Harman, Hernandez and Johnson in their individual capacities, and a cognizable claim for failure to intercede against

Defendant Johnson in his individual capacity. The remaining claims were found not cognizable and Plaintiff was given leave to file an amended complaint within 21 days. (Doc. 11.) The time for compliance passed and Plaintiff did not file an amended complaint.

On March 18, 2021, the undersigned issued Findings and Recommendations following Plaintiff's failure to file an amended complaint, recommending that Defendant Kern Valley State Prison be dismissed from the action and that Plaintiff's complaint be dismissed *except* for the claims of excessive force against the Defendants Atkinson, Furlong, Leora, Harman, Hernandez, and Johnson in their individual capacities, and the claim of failure to interceded against Defendant Johnson in his individual capacity. (Doc. 13.)

Plaintiff filed untimely objections on April 12, 2021. On April 20, 2022, District Judge Dale A. Drozd issued an Order Adopting the Findings and Recommendations in full, ordering the action proceed on Plaintiff's claim against Defendant Johnson for a failure to intercede and against Defendants Atkinson, Furlong, Leora, Harman, Hernandez and Johnson, in their individual capacities, for use of excessive force. All other claims and named Defendants were dismissed. (Doc. 15.)

Following service of process, Defendants Atkinson, Furlong, Harman, Johnson and Leora filed an answer to the complaint on July 28, 2021. (*See* Docs. 28, 30.)

On August 25, 2021, the undersigned issued Findings and Recommendations to dismiss Defendant Hernandez for a failure to effect service of process. (Doc. 36.) Plaintiff filed timely objections on September 3, 2021. (Doc. 27.)  On October 20, 2021, District Judge Drozd issued an Order Adopting the Findings and Recommendations in full, dismissing Defendant Hernandez from the action. (Doc. 40.)

On November 30, 2021, the undersigned issued an Order, granting in part and denying in part, Plaintiff's motion for leave to file an amended complaint. (Doc. 43.) Specifically, Plaintiff was granted leave to file an amended complaint to add a claim of excessive force against Nurse J. Cudal and claims of falsifying medical reports and inadequate medical care against Correctional Officer Welch. (Doc. 43 at 2.) His motion to add Kern Valley State Prison as a defendant was denied. (*Id.*) Plaintiff was to file a first amended complaint within 30 days. (*Id*. at 3.)

On January 5, 2022,[1] Plaintiff filed a handwritten document entitled "Motion to Amend Previous Complaint." (Doc. 44.) On January 18, 2022, the Court denied Plaintiff motion as moot, noting leave to amend to add Nurse J. Cudal and Correctional Officer Welch had already been granted. (Doc. 45.)

After more than 30 days had passed, on March 14, 2022, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for Plaintiff's failure to comply with the Court's order. Plaintiff was given 21 days within which to comply with the OSC. (Doc. 47.)

On March 25, 2022, Plaintiff filed a Response to the Court's OSC stating he was "almost positive" he filed the amended complaint and was "positive that [he] mailed a[n] amended motion from [his] cell." Plaintiff further stated he would "re-submit another amended complaint" concurrently with his response to the OSC. (Doc. 48.) That same date, Plaintiff also filed a handwritten document on lined paper entitled "Plaintiff's first amended complaint adding Defendants Cudal and Welch to this here civil complaint." (Doc. 49.)

**II.   DISCUSSION**

Considering Plaintiff's response of March 25, 2022, the Court will discharge the OSC. However, because Plaintiff has failed to file an amended complaint that is *complete in and of itself*, Plaintiff will be afforded one final opportunity to do so.

Plaintiff appears to be under the mistaken belief that when the Court orders him to file an amended complaint, he can simply file a document adding defendants and/or claims to the previously filed original complaint. Plaintiff's belief is incorrect.

Plaintiff has been previously advised that an amended complaint supersedes the prior complaint. (*See* Doc. 11 at 10 ["Plaintiff is informed that an amended complaint supersedes the original complaint … Thus, a first amended complaint must be 'complete in itself without reference to the prior or superseded pleading'"]; Doc. 43 at 3 ["the amended complaint will supersede the original complaint … Plaintiff's first amended complaint must be 'complete in itself without reference to the prior or superseded' complaint"].) In other words, Plaintiff must

---

[1] The document was dated and signed December 19, 2021.

3

file an amended complaint that includes all claims and all defendants in a single document. Local Rule 220 provides that "every pleading to which an amendment … is permitted … shall be retyped [or the form recompleted] so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended … until this Rule has been complied with."

Plaintiff shall be provided with a blank civil rights complaint form. Plaintiff shall use the civil rights complaint form to state all his claims (*e.g.*, excessive force, failure to intercede, falsifying medical reports, inadequate medical care) naming each defendant against whom he alleges a claim, so that all claims against the defendants are presented in a single, complete document. Plaintiff is cautioned he may not name Kern Valley State Prison as a defendant as the Court has already dismissed the institution as a named defendant.

### III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The OSC issued March 14, 2022 (Doc. 47) is DISCHARGED;
2. Plaintiff SHALL file a second amended complaint, *complete in and of itself*, **within 30 days** from the date of service of this order;
3. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and,
4. If, upon screening the second amended complaint, the Court finds that Plaintiff states a cognizable claim against any newly added defendants, the Court will issue an order directing service on the defendant(s). The current Defendants need not file a responsive pleading to the second amended complaint until the date by which any newly added defendants are ordered to do so in an order directing service.

IT IS SO ORDERED.

Dated:   **March 28, 2022**              /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE