UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:20-cv-01036-ADA-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF MARCH 2, 2023**<br><br>(Doc. 69) |

Plaintiff Jonathan Dewitt McDowell is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff's original complaint was filed on July 10, 2020. (Doc. 1.) Following screening (Doc. 11), the Court ordered service of the complaint on Defendants Atkinson, Furlong, Leora, Harman, Hernandez and Johnson. (Doc. 16.)

On July 28, 2021, Defendants Atkinson, Furlong, Harman, Johnson and Leora filed an answer to the complaint. (Doc. 28.)

On August 25, 2021, the undersigned issued Findings and Recommendations to dismiss Defendant Hernandez for failure to effect service of process. (Doc. 36.) Plaintiff filed objections (Doc. 37), and District Judge Dale A. Drozd issued an "Order Adopting Findings And Recommendations And Dismissing Defendant Hernandez From This Action" on October 20,

2021. (Doc. 40.)

On March 14, 2022, the undersigned issued an "Order To Show Cause (OSC) Why The Action Should Not Be Dismissed For Failure To Obey The Court's Order" (Doc. 47), as Plaintiff had failed to file the first amended complaint adding claims against Defendants Cudal and Welch as directed on November 30, 2021.[1] (*Id.* at 1-2.) Plaintiff was given 21 days within which to respond to the OSC, or alternatively, to file a first amended complaint or a notice of voluntary dismissal. (*Id.* at 2.)

On March 25, 2022, Plaintiff filed a response to the OSC and a first amended complaint. (*See* Docs. 48 & 49). On March 28, 2022, the Court issued an Order discharging the OSC, and its Order Directing Plaintiff To File A Second Amended Complaint. (Doc. 50.)

Plaintiff filed his second amended complaint on April 21, 2022. (Doc. 51.) On August 4, 2022, Plaintiff filed a Notice of Change of Address, providing a residential street address in Hemet, California. (Doc. 58.)[2] Following service of Plaintiff's second amended complaint (Doc. 56), Defendants Atkinson, Cudal, Furlong, Harman, Johnson, Leora and Welch filed an answer to the second amended complaint on October 17, 2022. (Doc. 62.)

On October 17, 2022, the Court issued its Discovery and Scheduling Order. (Doc. 63.)

On January 17, 2023, Defendant Johnson filed a Motion for Partial Summary Judgment on the Grounds of Exhaustion. (Doc. 65.)

On February 8, 2023, Plaintiff filed a document titled "Motion for Extention [sic] of Time to File Motion." (Doc. 66.)

On February 10, 2023, this Court issued its "Order Granting Plaintiff An Extension Of Time Within Which To File Opposition To Defendant Johnson's Motion For Partial Summary Judgment On The Grounds Of Exhaustion."  (Doc. 67.) Plaintiff was ordered to file his opposition to Defendant Johnson's motion for partial summary judgment no later than 14 days

---

[1] The Court's November 30, 2021, Order granted Plaintiff's motion to amend his complaint to add Defendants Cudal and Welch as new defendants but denied his motion to add Kern Valley State Prison. (Doc. 43.)

[2] Several pieces of mail had been returned to the Court by the United States Postal Service marked, variously, "Undeliverable" "Paroled" "Return to Sender" and/or "Refused." (*See* Clerk's Docket Entries dated 7/12/2022, 8/2/2022 and 8/12/2022.)

from the date of service of the order. (*Id*. at 2.)

On February 28, 2023, Defendants filed a Motion to Compel Plaintiff's Appearance for Deposition. (Doc. 68.) Counsel for Defendants explained he had noticed Plaintiff's deposition for February 22, 2023, but Plaintiff had failed to appear. (*Id*. at 4.) Plaintiff subsequently contacted defense counsel and the deposition has been rescheduled for March 15, 2023. (*Id*. at 4-5.) Defense counsel filed the motion to compel out of "an abundance of caution" should Plaintiff "shirk his discovery obligations" by failing to appear at the rescheduled deposition. (*Id*. at 5.) Defendants note that without taking Plaintiff's deposition, they will be unable to comply with the current May 18, 2023, pre-trial dispositive motion filing deadline. (*Id*.) Defendants contend Plaintiff was properly served with the original deposition notice but failed to appear and ask the Court to order Plaintiff's appearance. (*Id*. at 6.) Defendants further contend sanctions are appropriate due to Plaintiff's failure to appear, but indicate they are not presently seeking the expenses incurred so far as a sanction; rather, Defendants reserve the right to do so should Plaintiff fail to appear at the deposition rescheduled for March 15, 2023. (*Id*.)[3]

On March 2, 2023,[4] Plaintiff filed a document titled "Motion: Request For A New Deposition Scheduling By The Court For Reasons Set Forth Below." (Doc. 69.) Plaintiff asks the Court to "grant [his] request because of no fault of [his] own." (*Id*. at 1.) Plaintiff states he was "under the impression" the deposition was scheduled for February 23, 2023, and states he "should take better responsibility for making sure [he] receive[s] [his] mail." (*Id*.) Plaintiff apologizes "for this mistake," and asks the Court to "reschedule a new deposition date for March 15, 2023 and, or a week from that date." (*Id*. at 1-2.)

**II.     DISCUSSION**

In the Declaration of Deputy Attorney General Zachary Glanz, filed in support of Defendants' motion to compel, defense counsel declares, in pertinent part, as follows:

> 10.     I was first contacted by Plaintiff about his deposition on February 23, the day after it was scheduled to take place, when

---

[3] Plaintiff's opposition or statement of non-opposition to Defendants' motion to compel is due no later than March 21, 2023. *See* Local Rule 230(*l*).

[4] Plaintiff signed and dated the document on February 27, 2023.

3

>   Plaintiff left me a voicemail message at approximately 5:00 a.m. stating that he had thought the deposition was supposed to take place that day (February 23) and asking that we reschedule the deposition. I spoke with Plaintiff later that day, and he indicated that he had received the deposition notice but no longer had it, and he had gotten the date wrong. I confirmed that Plaintiff's address of record was the proper address to send Plaintiff's case-related documents, and I inquired about the dates that Plaintiff would be available for a rescheduled deposition. I then proceeded to schedule Plaintiff's deposition for March 15, a date that Plaintiff had stated would be acceptable, under the same logistical arrangements as the attempted deposition on February 22. **I had a new deposition notice, with the March 15 date, served on Plaintiff via U.S. Mail at his address of record on February 24**. I also attempted to inform Plaintiff of the rescheduled deposition by telephone on February 24; however, Plaintiff did not answer my call, and I was unable to leave a voicemail message due to an apparent lack of space on Plaintiff's phone.
>
>   11.   In a good faith effort to advance this litigation and avoid the Court's intervention, I rescheduled Plaintiff's deposition, and it now is set for a date (March 15) that would not require modification of the current case schedule. Nonetheless, in an abundance of caution, I am filing this Motion on Defendants' behalf to protect Defendants' rights and avoid prejudice to Defendants in the event that Plaintiff again fails to appear for his duly noticed deposition. **Defendants will withdraw this Motion if Plaintiff appears for his deposition on March 15**, as he is obligated to do under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 30(a)(1), because this Motion will become moot. This Motion is being filed such that, under the applicable briefing deadlines (L.R. 230(*l*); *see* ECF No. 63 at 2), Plaintiff's opposition is not due until after his rescheduled deposition, and so Plaintiff will not need to respond to this Motion if he appears for his deposition on March 15.

(Doc. 68 at 10, emphasis added.)

Although Plaintiff asks this Court to reschedule his deposition for "March 15 and, or a week later," according to Defendants' motion to compel and defense counsel's accompanying declaration, Court action is unnecessary. Defense counsel has issued a notice indicating Plaintiff's deposition is presently set to occur on March 15, 2023, at a time and location agreed upon by the parties. Plaintiff is encouraged to attend his deposition on March 15, 2023, as currently set. Plaintiff's attendance at the deposition will render Defendants' pending motion to compel moot and Defendants will withdraw their motion.

As reflected in this Court's Discovery and Scheduling Order issued October 17, 2022, the deadline for the completion of all discovery, including motions to compel, is March 17, 2023, and

4

the deadline for the filing of pre-trial dispositive motions is May 18, 2023. (Doc. 63 at 3.) If Plaintiff fails to appear for his re-noticed deposition on March 15, 2023, the Court will modify and extend the current deadlines to ensure Defendants are not prejudiced by such a failure.

### III.     CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion filed March 2, 2023 (Doc. 69) is DENIED as premature and moot; and
2. Counsel for Defendant SHALL withdraw the pending motion to compel Plaintiff's deposition no later than March 17, 2023. If Plaintiff does not appear at the deposition of March 15, 2023, as ordered, Defendants may re-file their motion to compel Plaintiff's deposition no later than March 22, 2023.

IT IS SO ORDERED.

Dated:   **March 6, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE