UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ATKINSON, et al.,<br><br>　　　　Defendants. | Case No.  1:20-cv-01036-DAD-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO VACATE THE PRE-TRIAL DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF MOTIONS**<br><br>(Doc. 75) |

　　　　Plaintiff Jonathan Dewitt McDowell is a former state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

　　　　On October 17, 2022, this Court issued its Discovery and Scheduling Order. (Doc. 63.) In pertinent part, the scheduling order set a May 18, 2023 deadline for the filing of pre-trial dispositive motions. (*Id*. at 1, 3.)

//

//

//

---

[1] Plaintiff was released on parole in July 2022. (*See* Docket Entries dated 7/12/2022 & 8/2/2022 noting mail was returned to the Court marked "Undeliverable" "Paroled" "Refused" and "Return to Sender"). On August 4, 2022, Plaintiff filed a Notice of Change of Address, providing a residential street address in Hemet, California. (*See* Doc. 58.)

On January 17, 2023, Defendant Johnson filed a motion for partial summary judgment on the grounds of exhaustion.[2] (Doc. 65.) On February 10, 2023, this Court issued its Order Granting Plaintiff An Extension Of Time Within Which To File Opposition To Defendant Johnson's Motion For Partial Summary Judgment On The Grounds Of Exhaustion. (Doc. 67.) Plaintiff was provided a 14-day extension from the date of service of the order within which to file his opposition. (*Id*. at 2.) Although more than 14 days have passed from the February 10, 2023 order, Plaintiff has failed to file an opposition or statement of non-opposition to Defendant Johnson's motion for partial summary judgment on exhaustion grounds. On March 3, 2023, this Court issued its "Order To Show Cause In Writing Why Action Should Not Be Dismissed For Failure To Obey Court Order" (OSC). (Doc. 70.) Plaintiff was warned that a failure to comply with the OSC would result in a recommendation that the action be dismissed for a failure to obey court orders. (*Id*. at 3.) Plaintiff's response is due within 21 days, no later than Friday, March 24, 2023. (*Id*.)

On March 6, 2023, all Defendants filed a motion seeking the revocation of Plaintiff's *in forma pauperis* (IFP) status. (Doc. 72.) On March 14, 2023, Defendant Johnson and Cudal filed a motion to compel written discovery responses from Plaintiff. (Doc. 73.)

On March 16, 2023, Defendants filed an Ex Parte Application For Order Vacating Dispositive Motion Deadline. (Doc. 75.)

**II.    DISCUSSION**

In the ex parte application, Defendants ask the Court to vacate the May 18, 2023, deadline for the filing of pre-trial dispositive motions. (Doc. 75.) Defendants contend their motion to revoke Plaintiff's IFP status is pending before the Court. (*Id*. at 1-2, 4.) Defendants state that if motion is granted, requiring Plaintiff to pay the filing fee or to submit a new IFP application, and if Plaintiff fails to comply with an order to pay the filing fee or submit a new IFP application, that would "obviate the need for further litigation." (*Id.* at 2.)

Defendants Johnson and Cudal's motion to compel Plaintiff to respond to written

---

[2] As indicated in the scheduling order, the deadline for the filing of an exhaustion motion was January 17, 2023. (Doc. 63 at 1, 3.)

2

discovery is also pending before the Court. (*Id*. at 2, 4.) Defendants contend that even if their motion to compel "is promptly granted and Plaintiff then complies with the Court's order to serve responses, Defendants likely would not be able to use those responses in preparing a motion for summary judgment [3] and still comply with the current May 18 dispositive motion deadline." (*Id*. at 5.) Defendants request that the Court to vacate the May 18, 2023, deadline for the filing of pre-trial dispositive motions, and reset the deadline at least 60 days after resolution of their pending motions to revoke IFP status and to compel written discovery. (*Id*. at 6.)

Defendants' ex parte application is supported by the Declaration of Zachary Glantz. (Doc. 75 at 7-9.) Defense counsel contends that (1) vacating the pre-trial dispositive motion deadline is in the interest of judicial economy as it could potentially save unnecessary time and expense (*id*. at 7, ¶ 4); (2) vacating the pre-trial dispositive motion deadline is warranted as Defendants' motion to compel written discovery responses from Plaintiff is now pending, and even were the motion decided quickly, Defendants would be unlikely to use any responses to file a (merits-based) motion for summary judgment by the May 18, 2023 deadline (*id*. at 8, ¶ 5); (3) the application is not brought for the purpose of delay or harassment and would not prejudice Plaintiff because it would Plaintiff to comply with any orders resolving the motion to revoke IFP and the motion to compel (*id*. at 8, ¶ 6); and (4) on March 15, 2023, Plaintiff stated to defense counsel that he does not oppose this request (*id*. at 8, ¶ 7).

The Court finds good cause to modify the scheduling order and to vacate the deadline for the filing of pre-trial dispositive motions. The Court will reset the deadline for the filing of pre-trial dispositive motions at a later date should it become necessary.

### III.    CONCLUSION

Accordingly, for the reasons given above**, IT IS HEREBY ORDERED** that:

1. The May 18, 2023 deadline for the filing of pre-trial dispositive motions is VACATED; and

2. The Court will reset the deadline for the filing of pre-trial dispositive motions, if

---

[3] Any potential order directing Plaintiff to respond to the outstanding written discovery would involve a reasonable period allowing for Plaintiff to do so.

appropriate, to a date following resolution of Defendants' motion to revoke Plaintiff's IFP status and motion to compel written discovery.

IT IS SO ORDERED.

Dated:   **March 18, 2023**                          /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE