UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:20-cv-01036-ADA-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Jonathan Dewitt McDowell is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.   PROCEDURAL BACKGROUND**

Plaintiff's original complaint was filed on July 10, 2020. (Doc. 1.) Following screening (Doc. 11), the Court ordered service of the complaint on Defendants Atkinson, Furlong, Leora, Harman, Hernandez and Johnson. (Doc. 16.) On July 28, 2021, Defendants Atkinson, Furlong, Harman, Johnson and Leora filed an answer to the complaint. (Doc. 28.)

On August 25, 2021, the Court issued Findings and Recommendations to dismiss Defendant Hernandez for a failure to effect service of process. (Doc. 36.) District Judge Dale A. Drozd issued an Order Adopting Findings And Recommendations And Dismissing Defendant Hernandez From This Action on October 20, 2021. (Doc. 40.)

On March 14, 2022, the Court issued an Order To Show Cause (OSC) Why The Action

1  Should Not Be Dismissed For Failure To Obey The Court's Order. (Doc. 47.) Specifically,
2  Plaintiff had failed to file the first amended complaint adding claims against Defendants Cudal
3  and Welch. (*Id*. at 1-2.) Plaintiff was given 21 days within which to respond to the OSC, or
4  alternatively, to file a first amended complaint or a notice of voluntary dismissal. (*Id*. at 2.) On
5  March 25, 2022, Plaintiff filed a response to the OSC and a first amended complaint. (*See* Docs.
6  48 & 49.)

7  On March 28, 2022, the Court issued an Order discharging the OSC, and an Order
8  Directing Plaintiff To File A Second Amended Complaint. (Doc. 50.) Plaintiff filed his second
9  amended complaint on April 21, 2022. (Doc. 51.)

10  On August 4, 2022, Plaintiff filed a Notice of Change of Address, providing a residential
11  street address in Hemet, California. (Doc. 58.)[1]

12  Following service of Plaintiff's second amended complaint (Doc. 56), Defendants
13  Atkinson, Cudal, Furlong, Harman, Johnson, Leora and Welch filed an answer to the second
14  amended complaint on October 17, 2022. (Doc. 62.)

15  On October 17, 2022, the Court issued its Discovery and Scheduling Order. (Doc. 63.)

16  On January 17, 2023, Defendant Johnson filed a Motion for Partial Summary Judgment on
17  the Grounds of Exhaustion. (Doc. 65.)  On February 8, 2023, Plaintiff filed a document titled
18  "Motion for Extention [sic] of Time to File Motion." (Doc. 66.)

19  On February 10, 2023, this Court issued its Order Granting Plaintiff An Extension Of
20  Time Within Which To File Opposition To Defendant Johnson's Motion For Partial Summary
21  Judgment On The Grounds Of Exhaustion. (Doc. 67.) Plaintiff was ordered to file his opposition
22  to Defendant Johnson's motion for partial summary judgment no later than 14 days from the date
23  of service of the order. (*Id*. at 2.)

24  On February 28, 2023, Defendants filed a Motion to Compel Plaintiff's Appearance for
25  Deposition. (Doc. 68.) On March 2, 2023, Plaintiff filed a document titled "Motion: Request For
26  A New Deposition Scheduling By The Court For Reasons Set Forth Below." (Doc. 69.)

---

[1] Several pieces of mail had been returned to the Court by the United States Postal Service marked, variously, "Undeliverable" "Paroled" "Return to Sender" and/or "Refused." (*See* Clerk's Docket Entries dated 7/12/2022, 8/2/2022 and 8/12/2022.)

On March 6, 2023, the Court issued its Order Regarding Plaintiff's Filing of March 2, 2023, denying Plaintiff's motion as premature and moot. (Doc. 71.) Defendant was ordered to withdraw the pending motion to compel should Plaintiff appear at his rescheduled deposition of March 15, 2023. (Doc. 71.) On that same day, Defendants filed a Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status. (Doc. 72.)

On March 14, 2023, Defendants filed a Motion to Compel Plaintiff's Responses to Written Discovery Requests. (Doc. 73.) On March 16, 2023, Defendants withdrew their previously filed motion to compel as Plaintiff appeared for his deposition on the prior day. (Doc. 74.)

On March 20, 2023, the Court issued an Order Granting Defendants' Ex Parte Application to Vacate the Pre-Trial Dispositive Motion Deadline Pending Resolution of Motions. (Doc. 76.) On March 27, 2023, Plaintiff filed a document tiled "Response to Deffense [sic] Motion for Discovery Request Concerning Nurse Cudal and B. Johnson Submission of Documents." (Doc. 77.) On March 29, 2023, Plaintiff filed a document titled "Plaintiff's Request for Motion for Discovery to be Overturned by Defendant or Counsel to Overturn Discovery." (Doc. 78.) On April 6, 2023, Defendants filed a reply to Plaintiff's motion to compel (Doc. 79), and an opposition to Plaintiff's discovery motion filed March 29, 2023 (Doc. 80).

**II.   DISCUSSION**

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### *Analysis*

Plaintiff has failed to comply with court orders, and in doing so, has failed to prosecute this action. Specifically, Plaintiff has failed to file (1) an opposition to Defendant Johnson's January 17, 2023, motion for partial summary judgment, and (2) an opposition or statement of non-opposition to Defendants' March 6, 2023, motion to revoke his IFP status. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs in favor of dismissal. Defendant Johnson filed a timely motion for partial summary judgment on January 17, 2023. (Doc. 65.) Plaintiff moved for a two-week extension of time within which to file an opposition (Doc. 66) and the Court granted his request on February 10, 2023, ordering Plaintiff to file his opposition to the pending summary judgment motion within 14 days from the date of service of the order (Doc. 67). More than 50 days have now elapsed following the extended deadline, but Plaintiff has not filed an opposition, or a statement of non-opposition to motion for partial summary judgment.

Plaintiff has also failed to oppose Defendants' March 6, 2023, motion to revoke Plaintiff's IFP status. His opposition or statement of non-opposition to that motion was due on March 27, 2023.[2] Plaintiff did not seek an extension of time and his response is now more than 20 days past

---

[2] Local Rule 230(l), concerning motions filed in prisoner actions, provides: "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed

4

due. A presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Despite having been granted an extension of time within which to oppose the motion for partial summary judgment, Plaintiff has taken no action at all. Plaintiff has also failed to oppose, or indicate he has no opposition to the motion to revoke his IFP status. Therefore, the Court finds the third factor—the risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is not moving the case forward, and has ceased obeying court orders and prosecuting this action. He has failed to oppose a partial motion for summary judgment and a motion to revoke his IFP status. The fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's March 2, 2023 OSC expressly warned Plaintiff that his failure to comply with the Court's order to file an opposition to the motion for partial summary judgment would result in a recommendation for dismissal of this action. (*See* Doc. 70 at 3 ["**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey courts orders**"].) In this Court's "First Informational Order In Prisoner/Civil Detainee Civil Rights Case," issued July 28, 2020, Plaintiff was also advised: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. **Failure to so**

---

waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Hence, Plaintiff's opposition or statement of non-opposition to Defendants' motion to revoke his IFP status was due no later than March 27, 2023.

**comply will be grounds for imposition of sanctions which may include dismissal of the case**." (*See* Doc. 3 at 1, emphasis added.) Plaintiff had adequate warning that dismissal could result from his noncompliance. Thus, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, it appears that Plaintiff has abandoned this action.[3] Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, this Court **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his or her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2023**                           /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[3] The Court takes judicial notice of the April 6, 2023, dismissal for a failure to obey a court order and failure to prosecute in another action filed by Plaintiff in this Court: *McDowell v. Flores, et al.*, Case No. 1:21-cv-01710-JLT-CDB. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").