UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>ATKINSON, et al.,<br><br>            Defendants. | No. 1:20-cv-01036-ADA-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF No. 81) |

Plaintiff Jonathan Dewitt McDowell is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 25, 2023, the Magistrate Judge issued findings and recommendations to dismiss the action for Plaintiff's failure to obey court orders and failure to prosecute. (ECF No. 81.) The Magistrate Judge found Plaintiff had failed to file an opposition or statement of non-opposition to Defendant Johnson's motion for partial summary judgment and to Defendants' motion to revoke Plaintiff's *in forma pauperis* status. (*Id*. at 3–6.) Therefore, the Magistrate Judge recommended the action be dismissed without prejudice. (*Id*. at 6.) Plaintiff was to file any objections to the findings within fourteen days of the date of service. (*Id*.)

On May 18, 2023, Plaintiff untimely filed a document titled "Response to the Courts Order to Respond to Deadlines: Date 5/13/2023," docketed as objections to the findings and

recommendations.  (ECF No. 82.)[1]  On May 30, 2023, Defendants filed a response to Plaintiff's objections.  (ECF No. 83.)

In his objections, Plaintiff objects to the dismissal of his case and to Defendants' motion to revoke his IFP status.  (ECF No. 82.)  Plaintiff states he has had "mail issues" and was mistakenly mailing documents and correspondence incorrectly.  Plaintiff requested one business week to file all necessary documents to continue his action.  (*Id.*)  Defendants replied, arguing Plaintiff's *pro se* status may not be invoked in this manner, as the Court warned Plaintiff of the consequences of failing to obey its orders.  (ECF No. 83.)

Despite their untimely nature, Plaintiff's objections are unpersuasive.  Over the past four months, Plaintiff has not filed any further documentation with the Court, and Plaintiff has not properly objected to Defendant Johnson's motion for partial summary judgment.  *See* Docket.  No longer incarcerated, Plaintiff chose to "entrust [his filings] to the vagaries of the mail and the clerk's process for stamping incoming papers."  *Houston*, 487 U.S. at 271.  Plaintiff did not "personally deliver notice at the last moment" or provide evidence of monitoring his missing filings demonstrative of "excusable neglect."  *Id*.  While pro se litigants are not held to the same standard as attorneys, pro se litigants are "expected to abide by the rules of the court in which [they] litigate[]."  *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the file, including Plaintiff's untimely objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

///

///

///

---

[1] The objections are untimely.  Plaintiff is not incarcerated; thus, the mailbox rule is no longer applicable to this action.  *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (emphasizing the applicability of the prison mailbox rule to incarcerated pro se litigants due to their lack of control over and lack of ability to monitor whether their filings are sufficiently and timely mailed) ; *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("the *Houston* mailbox rule applies to § 1983 suits filed by *pro se* prisoners.").  Plaintiff dated his filing May 13, 2023, and the accompanying envelope is postmarked May 16, 2023.  Objections to the findings and recommendations were due on or before May 9, 2023.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued April 25, 2023 (ECF No. 81), are ADOPTED in full;
2. This action is DISMISSED without prejudice; and
3. The Clerk of the Court is directed to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   September 5, 2023

UNITED STATES DISTRICT JUDGE

3